IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-02895-SKC

GABRIEL THOMAS RENSCH,

Plaintiff,

v.

CHRISTIAN BOODOOSINGH and SUSAN STREET,

Defendants.

## ORDER GRANTING DEFENDANT BOODOOSINGH'S MOTION TO DISMISS [DKT. 18]

Before the Court is Defendant Christian Boodoosingh's Motion to Dismiss Plaintiff's Amended Complaint [Dkt. 5] under Federal Rule of Civil Procedure 12(b)(6), for failure to plausibly state a claim upon which relief could be granted. [Dkt. 18.][1] Specifically, Defendant argues Plaintiff's section 1983 claim lacks sufficient facts to plausibly allege conduct in violation of Plaintiff's Fourteenth Amendment rights, and Defendant also raises the defense of qualified immunity. [*Id.*] Plaintiff is *pro se* and did not file a responsive brief opposing the Motion.[2]

The Court carefully reviewed the Motion, the Amended Complaint, and

---

[1] The Court uses "[Dkt. __]" to refer to specific docket entries in CM/ECF.

[2] The Court liberally construes the amended complaint, as required, but without acting as Plaintiff's advocate. *See Lawrence v. Polis*, 505 F. Supp. 3d 1136, 1141 n.5 (D. Colo. 2020).

1

applicable law. No hearing is necessary. The Court GRANTS the Motion for the reasons further discussed below.

## I. Background

The Court draws the following factual allegations from Plaintiff's Amended Complaint.[3] [Dkt. 5 p. 4.] This case stems from a domestic altercation that occurred at Plaintiff's home between him and his mother-in-law. [*Id.*] Plaintiff asked his mother-in-law to leave his home after she threatened to take his children from him; but she did not leave and instead called 9-1-1. [*Id.*] His mother-in-law then pulled Plaintiff's wife (they were married at the time) out of the house and against her will along with their two children.[4] [*Id.*]

After police arrived, the mother-in-law lied to the police officers by saying Plaintiff had threatened her after she had initially threatened to take his children. [*Id.*] After some time, one of the officers suggested to his wife to go home, but then, "as part of her contrived narrative[,]" his mother-in-law told the officer she feared for her daughter's safety. [*Id.*]

Plaintiff alleges the officer "coerced" his wife into consenting to a search of their home by promising she would gain "exclusive custody of our children" and they would

---

[3] Plaintiff's action also named a police officer and another case worker as co-defendants, but the Court dismissed them after Plaintiff's failure to timely serve them under Fed. R. Civ. R. 4(m). [Dkt. 28.] Co-Defendant Susan Street later filed a motion to dismiss for failure of service of process under Fed. R. Civ. P. 12(b)(5). [Dkt. 34.]

[4] It appears from the facts that Plaintiff chose to stay inside the house after his mother-in-law had forced his wife and grandchildren outside. [Dkt. 5 p. 4.]

arrest Plaintiff "for a fictional crime." [*Id.*] The officer also told his wife, in front of his one-year-old son, that he would kill Plaintiff. [*Id.*] After having difficulty getting into the house, two officers broke down his front door, announced themselves as "Thornton PD," and interrogated Plaintiff without "Mirandizing" [sic] him first because they had already decided to arrest him no matter what he said. [*Id.*] The officers searched his home and found his shotgun, which they seized and impounded, and kept him from contacting his children for four and a half months; and he now only sees them on a limited basis during the week. [*Id.*]

Plaintiff alleges there is a restraining order against him which prevents him from seeing or speaking to his children after a case worker recommended it before investigating the false claims made against him. [*Id.* at p. 5.] Plaintiff then "implored" his caseworker, Defendant, to allow him contact with his kids but Defendant instead prevented him from doing so for five months to justify his mother-in-law's false "safety concerns." [*Id.*] According to Plaintiff, Defendant and another case worker "made up efforts to ameliorate their concerns" by "preferring to retain their prejudices." [*Id.*]

After six months (when Plaintiff filed his Amended Complaint), Defendant admits Plaintiff is now an "exceptional parent[,]" there are no safety concerns, and the "false criminal charges" against him were dismissed in his criminal case. [*Id.*] Despite all this, Plaintiff asserts he still only sees his children six hours per week and no additional time has been set. [*Id.*] In Plaintiff's view, his current level of contact

3

"is grossly inadequate" given that he previously cared for his children five to seven days per week, which "does not constitute [Defendant's] stated goals" to "reunite his family as soon as possible." Defendant then filed the current Motion. [Dkt. 18.]

## II. Discussion

### A. Legal Principles

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court accepts the well-pleaded facts as true and views the allegations in the light most favorable to the non-movant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

The *Twombly/Iqbal* pleading standard requires courts to take a two-prong approach to evaluating the sufficiency of a complaint. *Id.* at 678-79. The first prong requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* at 678. The second prong requires the court to assume the truth of the

well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver,* 567 F.3d 1169, 1178 (10th Cir. 2009).

## B. Analysis[5]

Defendant's Motion contends Plaintiff's section 1983 claim (1) lacks sufficient facts to plausibly show conduct in violation of Plaintiff's familial rights and (2) therefore qualified immunity shields Defendant from individual liability. [Dkt. 18.] The Court agrees.

Under the Fourteenth Amendment, a parent has a protected liberty interest

---

[5] Relatedly, the Court also construes Plaintiff's request to "[return] my two young children to my care[,]" as relief which seeks to dismiss or overturn the state court's child custody orders. [Dkt. p. 6.] Under the domestic relations exception, however, it is well-settled that this Court lacks jurisdiction to grant such relief. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) (It is well-known that under the domestic relations exception, a federal court "lack[s] jurisdiction over the whole subject of the domestic relations of husband, and wife, and parent and child."); *Rojas v. Meinster*, No. 19-cv-01896-LTB-GPG, 2019 WL 8331477, at *2 (D. Colo. Sept. 10, 2019) (citing *Stephens v. Alliant TechSystems Corp.*, 714 F. App'x 841, 846 (10th Cir. 2017) (generally, a federal court lacks subject matter jurisdiction over a litigant's attempts to "reopen, reissue, correct, or modify an existing . . . child custody decree.").

"in the care, custody and control of their children." *See Halley v. Huckaby*, 902 F.3d 1136, 1155 (10th Cir. 2018). To plausibly state a familial association claim under section 1983, a plaintiff must adequately allege the defendant (1) intended to deprive him of his protected relationship with his children and (2) either unduly burdened or effected an "unwarranted intrusion" in the protected relationship. *Doe v. Woodard*, 912 F.3d 1278, 1301 (10th Cir. 2019).

The Court finds Plaintiff's Amended Complaint failed to allege sufficient facts to plausibly establish Defendant's actions violated his constitutional right to familial association. Specifically, Plaintiff's alleged facts are insufficient to plausibly establish Defendant acted to intentionally deprive or suspend Plaintiff's protected relationship with his children or that Defendant's conduct shocks the conscience. *See Doe*, 912 F.3d at 1302 (plaintiff's allegations did not support a defendant's conduct shocked the conscience because the facts did not show the defendant intended to separate mother from child to conduct an examination without the mother's presence).

Rather, the alleged facts show Plaintiff lost contact with his children after police officers responded to his mother-in-law's 9-1-1 call about a domestic altercation, giving rise to a concern for his children's safety. *See Thomas v. Kern*, 765 F.3d 1183, 1196 (10th Cir. 2014) (a parent's right to familial association is not absolute, rather, a court weighs the right against a state's interest in protecting a child's health and safety to find whether the state actor "unduly burdened" the parent's right); *see also Halley*, 902 F.3d at 1158 (the balancing of both state and

6

parental rights would not have been clear at the time of the intrusion to make the defendants' actions unduly burdensome and in violation of a parent's right). Moreover, the factual allegations show Plaintiff was issued a restraining order based on another case worker's proposal, not Defendant. [Dkt. 5 p. 5.] *See Doe*, 912 F.3d at 1302 (finding a mother's complaint lacked allegations that Defendant's motivation was anything more than to investigate potential child abuse).

Plaintiff's general allegations that Defendant prevented him from virtual visits for five months and "preferred to retain [his mother-in-law's] prejudice" are conclusory; there are no facts showing Defendant intentionally acted to interfere with Plaintiff's familial rights. *See id.* at 1299 (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2020) ("Dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim."); *see also Winters v. Kansas Dept. of Soc. Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *10 (D. Kan. Jan. 19, 2011) (rejecting a grandmother's § 1983 claim alleging violations of her familial right where the alleged facts showed she was allowed supervised visits on a regular basis after the grandchildren were removed from her house); *cf. Thomas*, 765 F.3d at 1196 (plaintiff sufficiently alleged facts showing defendants intentionally acted to retain custody of minor child and prevent parents from removing their child from the hospital). Indeed, when stripping the Amended Complaint of its conclusory allegations, Defendant's alleged conduct appears to be consistent with his role as a caseworker in domestic relations, which is not conduct that rises to the level of a

violation of Plaintiff's Fourteenth Amendment rights.

Thus, because the Court finds that Plaintiff failed to plausibly allege Defendant's conduct violated his right to familial association, it follows that Defendant is entitled to qualified immunity. *See Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016); *Everhart v. N.M Child. Youth Fam. Servs.*, No. 20-2078, 2022 WL 1108835, at *8 (10th Cir. 2022) (plaintiff failed to overcome qualified immunity when the alleged facts insufficiently showed defendant acted to intentionally misrepresent information that a court used to order a child's removal from the home); *see generally Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) (finding a plaintiff failed to show that a defendant officer violated his Fourth Amendment rights and thus entitled the officer to qualified immunity).

For these reasons, Defendant Boodoosingh's Motion to Dismiss [Dkt. 18] is GRANTED. Further, Plaintiff's Motion for Leave to Amend [Dkt. 39] is DENIED without prejudice for failure to comply with D.C.COLO.LCivR 15.1(b) by omitting a copy of the proposed second amended complaint.

DATED: March 27, 2023.                    BY THE COURT:

                                          _____
                                          S. Kato Crews
                                          United States Magistrate Judge